UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT | * CIVIL ACTION NO: 08-1255 C/W |
| OF JILLIAN MORRISON, LLC, CHET | * 09-4268, 09-4270, 09-4271, 09-4183, |
| MORRISON DIVING, LLC, CHET | * 09-4213, 09-4253, 09-4267 |
| MORRISON CONTRACTORS, INC. AND | * This document applies to: <u>09-4213</u> |
| CHET MORRISON SERVICES, LLC AS | * SECTION "J" |
| OWNER AND/OR OPERATORS OF THE | * |
| M/V JILLIAN MORRISON | * JUDGE CARL J. BARBIER |
| PETITIONING FOR EXONERATION | * |
| FROM OR LIMITATION OF LIABILITY | * MAGISTRATE ALMA L. CHASEZ |
| ************************************ | * |

**ANSWER TO COMPLAINT AND FIRST SUPPLEMENTAL AND AMENDING COMPLAINT OF MATTHEW T. ALTLAND (RECORD DOC. 1 & DOC. 291)**

**NOW INTO COURT**, through undersigned counsel, come defendants, Jillian Morrison, LLC, as owner, Chet Morrison Diving, LLC, Chet Morrison Contractors, Inc. and Chet Morrison Services, LLC, as owner *pro hac vice*, charterer and/or operator of the DSV JILLIAN MORRISON (hereinafter referred to as "Defendants"), and for their answer to the Complaint and First Supplemental and Amending Complaint of Matthew T. Altland (herein after referred to as "Plaintiff") avers upon information and belief as follows:

**FIRST DEFENSE**

Defendants reassert and re-aver as if copied herein *in extenso* the entirety of their Complaint for Exoneration from and/or Limitation of Liability (Record Doc No. 1).

1

## SECOND DEFENSE

The claim of Plaintiff fails to state a claim against defendants for which relief can be granted.

## THIRD DEFENSE

**AND NOW**, for further answer to the individual allegations of the complaint, defendants aver upon information and belief.

### I.

Defendants deny the allegations of Paragraph 1, except to admit that defendants were organized or created under the laws of the state of Louisiana.

### II.

It is admitted that Plaintiff was employed by defendants. All other allegations of Paragraph 2 state legal conclusions for which no answer is required. To the extent any answer is required, the allegations are denied.

### III.

The allegations of Paragraph 3 state legal conclusions for which no answer is required. To the extent any answer is required, the allegations are denied except to admit that Plaintiff was aboard the DSV JILLIAN MORRISON on March 11, 2008.

### IV.

The allegations of Paragraph 4 are denied.

### V.

The allegations of Paragraph 5 state legal conclusions for which no answer is required. To the extent any answer is required, the allegations are denied.

VI.

The allegations of Paragraph 6 are denied.

VII.

The allegations of Paragraph 7 are denied.

VIII.

The allegations of Paragraph 8 are denied.

IX.

The allegations of Paragraph 9 state legal conclusions for which no answer is required. To the extent any answer is required, the allegations are denied.

X.

The allegations of Paragraph 10 are denied.

XI.

The allegations of Paragraph 11 are denied.

XII.

The allegations of Paragraph 12 state legal conclusions for which no answer is required. To the extent any answer is required, the allegations are denied.

XIII.

The allegations of Paragraph 13 are denied.

XIV.

The allegations of Paragraph 14 are denied.

XV.

The allegations of Paragraph 15 are denied.

XVI.

The allegations of Paragraph 16 are denied.

XVII.

The allegations of Paragraph 17 are denied.

XVIII.

The allegations of Paragraph 18 are denied.

IX.

The allegations of Paragraph 19 are denied.

XX.

The allegations of Paragraph 20 state legal conclusions for which no answer is required. To the extent any answer is required, the allegations are denied.

XXI.

The allegations of Paragraph 21 state legal conclusions for which no answer is required. To the extent any answer is required, the allegations are denied.

XXII.

The allegations of Paragraph 22 are denied.

XXIII.

The allegations of Paragraph 23 state legal conclusions for which no answer is required. To the extent any answer is required, the allegations are denied.

XXIV.

The allegations of Paragraph 24 state legal conclusions for which no answer is required. To the extent any answer is required, the allegations are denied.

XXV.

Plaintiff's prayer for relief is denied.

**FOURTH DEFENSE**

FURTHER, in the alternative, defendants aver that if plaintiff suffered any injuries, as alleged, which is denied, said injuries were caused by the acts, carelessness, inattention to duty, omissions, and/or conduct of third persons, for whose fault and negligence defendants are not liable.

**FIFTH DEFENSE**

FURTHER, in the alternative, defendants aver that if plaintiff suffered any injuries, as alleged, which is denied, said injuries were contributed to by plaintiff's own fault, negligence, and/or the fault or negligence of third parties, which fault should act as a complete bar, or in the alternative, as a mitigating factor with respect to any recovery by plaintiff of damages herein.

**SIXTH DEFENSE**

As a further defense, defendants aver that if plaintiff suffered any injuries, as alleged, which are denied, said injuries occurred as a consequence of plaintiff's assumption of accepted and ordinary risks.

**SEVENTH DEFENSE**

Plaintiff's alleged accident, which is specifically denied, and any and all loss, damage, injury, death or destruction resulting therefrom, were in no way caused by the fault, neglect, design or want of due care on the part of defendants, their agents, servants, or employees, or anyone for whom defendants are or may have been responsible. Alternatively, said incident was occasioned and incurred without privity or knowledge on the part defendants or any of their directors, officers, stockholders or agents, thereby entitling defendants to limitation of liability.

**EIGHTH DEFENSE**

Defendants specifically aver that plaintiff has failed to mitigate his damages, and any recovery should therefore be reduced or eliminated.

**NINTH DEFENSE**

Plaintiff is not entitled to punitive damages.

**TENTH DEFENSE**

Defendants pray for trial by jury on the issue of damages claimed by plaintiff.

**WHEREFORE**, defendants, Jillian Morrison, LLC as owner, Chet Morrison Diving Company, LLC, Chet Morrison Contractors, Inc., and Chet Morrison Services, LLC as owner *pro hac vice*, charterer and or operator of the DSV JILLIAN MORRISON pray that after due proceedings had, there be judgment herein in favor of defendants dismissing the complaint of Matthew T. Altland, with prejudice. Alternatively defendants pray that there be judgment herein in their favor and against plaintiff limiting defendants' liability to the value of the DSV JILLIAN MORRISON and its freight then pending, and for all other relief as they may be entitled and this Court competent to grant.

Respectfully submitted,

**REICH, ALBUM & PLUNKETT, LLC**

  /S/ ROBERT S. REICH
**ROBERT S. REICH (#11163)**
**LAWRENCE R. PLUNKETT, JR. (#23869)**
**JOHN B. ESNARD III (#25664)**
Two Lakeway Center, Suite 1000
3850 North Causeway Boulevard
Metairie, LA  70002
Telephone:  (504) 830-3999

Facsimile: (504) 830-3950
Email: rreich@rapllclaw.com
lplunkett@rapllclaw.com
jesnard@rapllclaw.com

***Attorneys for Jillian Morrison, LLC,***
***Chet Morrison Diving, LLC, Chet Morrison Contractors, Inc. and Chet Morrison Services, LLC***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are authorized to receive electronic service on this 29th day of July, 2009.

/S/ ROBERT S. REICH